■ FRANCESCO BOVE et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant and Third-Party Plaintiff-Appellant, and ZAFFUTO CONSTRUCTION CO., INC., et al., Appellants-Respondents, et al., Defendants. NORTHEAST DESIGN MARBLE & TILE, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered January 10, 1991, which, *inter alia,* granted plaintiffs' motion for summary judgment as to liability against defendants New York City Housing Authority ("NYCHA"), Gilston Electric Contracting Corp. ("Gilston") and Zaffuto Construction Co., Inc. ("Zaffuto"), denied NYCHA's cross-motion for summary judgment on its third-party complaint against Northeast Design Marble & Tile, Inc. ("Northeast") and *sua sponte* dismissed said third-party complaint, unanimously affirmed, without costs.

Plaintiff, an employee of Northeast, a tile installer, commenced this action under Labor Law § 241 (5) and (6) to recover damages for personal injuries sustained when he allegedly fell into an unguarded and unlit elevator shaft during the rehabilitation of premises owned by NYCHA.

The IAS court properly granted summary judgment against NYCHA, as the owner of premises has a nondelegable duty, irrespective of its control or supervision over a worksite *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, *rearg denied* 45 NY2d 776), and against Gilston and Zaffuto as contractors whose contractual obligations with NYCHA required them, respec-

tively, to provide adequate temporary lighting and safety barriers for the elevator shaft, making them statutory "agents" within the purview of the Labor Law (see, *Russin v Picciano & Son,* 54 NY2d 311). There exist, however, material issues of fact concerning the level of on-site supervisory control exercised by NYCHA personnel on matters pertaining to lighting and elevator shaft safety sufficient to preclude the grant of NYCHA's cross-motion for summary judgment against Gilston and Zaffuto on its cross claims for indemnity. Finally, the IAS court properly granted, *sua sponte,* summary judgment to Northeast dismissing the third-party complaint since no evidentiary proof was submitted to demonstrate its liability. Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.