■ FRANK W. GOETTELMAN, JR., et al., Respondents, v INDECK ENERGY SERVICES OF OLEAN, INC., et al., Respondents, and JOSEPH DAVIS, INC., et al., Appellants. INDECK ENERGY SERVICES OF OLEAN, INC., et al., Third-Party Plaintiffs-Respondents, v FERGUSON ELECTRIC CONSTRUCTION CO., INC., Third-Party Defendant-Respondent, and ENERGY TECHNICAL SERVICES, INC., Third-Party Defendant-Appellant. [692 NYS2d 541] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Frank W. Goettelman, Jr. (plaintiff) was injured when he slipped in water after descending from a ladder at a cogeneration plant. Defendant Energy Technical Services, Inc.

(ETSI), a subcontractor at the job site, moved for summary judgment dismissing the complaint against it; defendant Joseph Davis, Inc. (Joseph Davis), another subcontractor, cross-moved for the same relief. Supreme Court granted the motion and cross motion only insofar as they sought dismissal of the Labor Law § 240 (1) claim. ETSI and Joseph Davis appeal from the order insofar as it denied those parts of the motion and cross motion with respect to the Labor Law §§ 200 and 241 (6) claims and common-law negligence cause of action.

The court erred in denying that part of ETSI's motion with respect to the Labor Law § 241 (6) claim. ETSI established that it did not supervise or control plaintiff or "the injury producing activity" (*Russin v Picciano & Son*, 54 NY2d 311, 317; *cf., Bove v New York City Hous. Auth.*, 181 AD2d 427, 427-428). The proof submitted in opposition to the motion establishes only that ETSI assisted Joseph Davis, the subcontractor responsible for flushing and hydrotesting water lines; there is no proof that ETSI had supervision or control over that work. For the same reason, the court erred in denying those parts of ETSI's motion with respect to the Labor Law § 200 claim and common-law negligence cause of action.

Plaintiffs concede that the statutory causes of action against Joseph Davis should be dismissed, and thus the court erred in denying those parts of the cross motion of Joseph Davis for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims against it. The court properly denied that part of the cross motion, however, with respect to the common-law negligence cause of action. Joseph Davis was responsible for the piping system and, as part of its contract with the general contractor, was required to flush and test the plumbing system. There is an issue of fact whether the work performed by Joseph Davis created the condition that caused plaintiff's injury.

We modify the order, therefore, by granting the motion of ETSI in its entirety and dismissing the complaint against it and granting the cross motion of Joseph Davis in part and dismissing the Labor Law §§ 200 and 241 (6) claims against it. (Appeals from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Hurlbutt and Balio, JJ.