■ MICHAEL C. CLARK, Respondent-Appellant, v TOWN OF SCRIBA et al., Respondents, and LAKELAWN TRANSPORT CORPORATION, Appellant-Respondent. TOWN OF SCRIBA, Third-Party Plaintiff, v OSWEGO EXCAVATING, INC., Doing Business as J. W. PRITCHARD CONSTRUCTION CO., INC., Third-Party Defendant-Respondent. LAKELAWN TRANSPORT CORPORATION, Third-Party Plaintiff-Appellant, v HERBERT F. DARLING, INC., Third-Party Defendant-Appellant. (Appeal No. 1.) [721 NYS2d 194] —Appeal from order insofar as it reserved judgment unanimously dismissed and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for personal injuries he sustained when he fell from the back of a truck. Plaintiff was employed by third-party defendant Herbert F. Darling, Inc. (Darling), the general contractor on a marina construction project to build a breakwall made of large limestone boulders, or riprap. Defendant-third-party plaintiff Town of Scriba (Town) was the owner of the marina. Darling entered into a subcontract with defendant-third-party defendant Oswego Excavating, Inc., d/b/a J.W. Pritchard Construction Co., Inc. (Pritchard), for the transportation of the riprap to the construction site. Pritchard in turn entered into a subcontract with defendant-third-party plaintiff Lakelawn Transport Corporation (Lakelawn). At the time of the accident, plaintiff was assisting in the unloading of the riprap from one of Lakelawn's trucks. Plaintiff's foot became caught on something on the bed of the truck, causing plaintiff to trip and fall to the ground.

Supreme Court properly denied those parts of the cross motions of Lakelawn and Darling seeking dismissal of the common-law negligence cause of action against Lakelawn. Those parties contend that the cause of action should be dismissed because plaintiff is unable to describe the particular defect or instrumentality that caused his injury. After the accident plaintiff did not ascertain what caused his fall, but he testified at his General Municipal Law § 50-h hearing and at

his deposition that before the accident he was aware of loose gravel along the bed of the truck and screws protruding from the bed of the truck. He testified that his foot became caught on something of that nature, most likely a screw. Another employee of Darling testified at his deposition that there were broken boards and protruding screws and nails on the bed of the truck. We agree with plaintiff that the condition of the bed of the truck constituted a dangerous condition. Plaintiff's testimony consisted of more than mere speculation concerning the manner in which the accident occurred (*cf., Pianforini v Kelties Bum Steer,* 258 AD2d 634, 635, *lv denied* 93 NY2d 814). Lakelawn and Darling failed to meet their burden of establishing that Lakelawn either did not create the hazardous condition or did not have actual or constructive notice of it (*see, Skinner v Oneida-Herkimer Solid Waste Mgt. Auth.,* 275 AD2d 890, 891; *Sponholz v Benderson Prop. Dev.,* 273 AD2d 791, 793).

The court erred in granting that part of the cross motion of Pritchard seeking summary judgment dismissing the Labor Law § 241 (6) claim against it and granting its motion on behalf of the Town seeking summary judgment dismissing that claim against the Town. In support of its cross motion and motion, Pritchard contended that a different Supreme Court Justice had previously dismissed the Labor Law § 241 (6) claim against Lakelawn on the ground that the regulation cited by plaintiff was not specific enough to support a Labor Law § 241 (6) claim and that, based on the doctrine of law of the case, that claim must be dismissed against Pritchard and the Town. Upon our review of that prior order, however, we conclude that the court dismissed the Labor Law § 241 (6) claim on a different ground, i.e., that Lakelawn lacked the authority to supervise or control plaintiff's activities and thus was not liable as an agent of the owner or general contractor (*see generally, Russin v Picciano & Son,* 54 NY2d 311, 317-318; *Wright v Nichter Constr. Co.,* 213 AD2d 995). Thus, the doctrine of law of the case does not apply. In support of the Labor Law § 241 (6) claim, plaintiff relies on 12 NYCRR 23-1.7 (e) (2), which is sufficiently specific to support that claim (*see, Adams v Glass Fab,* 212 AD2d 972, 973).

The court properly granted that part of the Town's motion seeking a conditional order of common-law indemnification against Lakelawn. "Where the liability of the owner * * * is only statutory, and is not predicated on a finding of negligence, the owner * * * is entitled to common-law indemnification by the subcontractor whose negligence caused [the plaintiff's]

injuries" (*Buccini v 1568 Broadway Assocs.,* 250 AD2d 466, 468). The Town's liability to plaintiff is premised solely on Labor Law § 241 (6). Plaintiff alleged that he was injured due to the dangerous condition of Lakelawn's trucks, over which the Town had no control, and thus the Town is entitled to a conditional order of common-law indemnification against Lakelawn (*see, Johnson v Packaging Corp.,* 274 AD2d 627; *Livecchi v Eastman Kodak Co.,* 258 AD2d 916).

Finally, the appeal by Lakelawn from the order insofar as it reserved judgment on that part of the cross motion of Lakelawn for a bifurcated trial is not appealable (*see,* CPLR 5701 [a] [2]; *Cobb v Kittinger,* 168 AD2d 923). We therefore modify the order in appeal No. 1 by denying in part the cross motion of Pritchard and reinstating the Labor Law § 241 (6) claim against it. We reverse the order in appeal No. 2, deny Pritchard's motion on behalf of the Town and reinstate the Labor Law § 241 (6) claim against the Town. (Appeals from Order of Supreme Court, Oswego County, Nicholson, J., for Elliott, J., pursuant to CPLR 9002—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.