■ WAYNE RYDER et al., Respondents-Appellants, v MOUNT LORETTO NURSING HOME, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, and DAVIS ACOUSTICAL CORPORATION, Appellant-Respondent; PITTSFIELD PIPERS, Third-Party Defendant-Respondent. [736 NYS2d 792] —Mercure, J. Cross appeals from an order of the Supreme Court (Malone, Jr., J.), entered August 14, 2000 in Albany County, which, inter alia, partially granted defendants' motions for summary judgment dismissing the complaint.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Wayne Ryder (hereinafter plaintiff) in connection with his employment with third-party defendant, a plumbing subcontractor on a construction project at defendant Mount Loretto Nursing Home, Inc. in the City of Amsterdam, Montgomery County. As plaintiff was installing pipe hangers in a second-floor shower area, he tripped over a U-shaped metal track that had been previously attached to the concrete floor by another subcontractor, defendant Davis Acoustical Corporation, to serve as the base anchor for a yet uninstalled interior stud wall. The complaint asserts claims under Labor Law §§ 200, 240 and 241 (6) against Mount Loretto and defendant Sisters of the Resurrection New York, Inc., its operator (hereinafter collectively referred to as the owner), defendant Pizzagalli Construction Company, the general contractor on the project, and Davis. Following joinder of issue and discovery, plaintiffs, the owner, Pizzagalli and Davis each sought summary judgment on the issue of liability under the several Labor Law causes of action. Supreme Court dismissed the Labor Law § 240 cause of action without opposition and the Labor Law § 241 (6) cause of action based upon plaintiffs' failure to establish a violation of any specific implementing regulation. Supreme Court also dismissed the Labor Law § 200 cause of action against the owner, but found that factual issues concern-

ing the exercise of supervision and control over plaintiff's work precluded a grant of summary judgment in favor of Pizzagalli, Davis and third-party defendant. Plaintiffs, the owner, Pizzagalli, and Davis appeal.

Initially, we reject plaintiffs' contention that Supreme Court erred in dismissing their Labor Law § 241 (6) cause of action. Fundamentally, there can be no liability under Labor Law § 241 (6) absent a demonstration that the defendant breached a particular regulation "containing specific commands and standards" (*Baird v Lydall, Inc., Manning Div.*, 210 AD2d 577, 578; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502-504; *White v Sperry Supply & Warehouse*, 225 AD2d 130, 134). In the absence of any evidence that the area where plaintiff was injured was a "passageway," plaintiffs' reliance on 12 NYCRR 23-1.7 (e) (1)* is unavailing (*see, Muscarella v Herbert Constr. Co.*, 265 AD2d 264; *Isola v JWP Forest Elec. Corp.*, 262 AD2d 95, 95-96, *lv dismissed* 94 NY2d 797; *Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750, 751, *lv denied* 92 NY2d 804). Similarly, the installed partition component giving rise to plaintiff's injury was an integral part of the construction and cannot be characterized as dirt, debris, scattered tools or materials or a sharp projection within the purview of 12 NYCRR 23-1.7 (e) (2) (*see, Isola v JWP Forest Elec. Corp., supra* at 95-96; *Vieira v Tishman Constr. Corp.*, 255 AD2d 235; *Adams v Glass Fab*, 212 AD2d 972, 973). In our view, plaintiffs' reliance on *Baird v Lydall, Inc., Manning Div. (supra)* for a contrary conclusion is misplaced.

We conclude that Supreme Court did err, however, in refusing to dismiss the Labor Law § 200 cause of action against Pizzagalli and Davis. Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Russin v Picciano & Son*, 54 NY2d 311, 316-317). An essential prerequisite to liability under Labor Law § 200 is a showing that " 'the party charged with that responsibility have

---

* 12 NYCRR 23-1.7 provides in pertinent part:

"(e) Tripping and other hazards.

"(1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.

"(2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp., supra* at 877, quoting *Russin v Picciano & Son, supra* at 317). Here, there is no evidence in the record to support a finding that Pizzagalli supervised or controlled the manner or methods by which subcontractors did their work or that it exercised any direct supervision and control over plaintiff's work at the time of the accident. Notably, Pizzagalli's retention of general supervision over the conduct of the project is insufficient to impose liability upon it (*see, Riley v Stickl Constr. Co.*, 242 AD2d 936; *Tambasco v Norton Co.*, 207 AD2d 618, 621-622, *lv dismissed* 85 NY2d 857; *Dewitt v Pizzagalli Constr. Co.*, 183 AD2d 991).

As for Davis, it suffices to state that it was neither an owner nor a general contractor. Because Labor Law § 200 is expressly limited in its scope to the duty of care to be exercised on a work site by owners and general contractors, it will impose liability against a subcontractor only in the rare case where that party is in effect standing in the shoes of an owner or contractor through the conferral of authority upon it to supervise and control the activity that produced the plaintiff's injury (*see, Rice v City of Cortland*, 262 AD2d 770, 771-772). This is not such a case. The fact that Davis had authority and control over the installation of the U-track, which is alleged to have been the instrumentality giving rise to plaintiff's injury, is insufficient. To impose liability under section 200, it is necessary to show authority and control over plaintiff's "work" (*see, Russin v Picciano & Son, supra* at 318; *Stevenson v Alfredo*, 277 AD2d 218, 221; *see also, Comes v New York State Elec. & Gas Corp., supra* at 877), which in this case was plaintiff's installation of pipe hangers in the second-floor shower area on February 13, 1992.

That is not to say, however, that plaintiffs have no basis for a recovery against Davis. Because there is an issue of fact as to whether Davis's installation of the U-track—without immediately installing the vertical studs or without placing guards, barriers or warning notices on or around it—created an unreasonable risk of harm to plaintiff and was a proximate cause of his injuries, the action may continue against Davis on a common-law negligence theory (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429; *Goettelman v Indeck Energy Servs. of Olean*, 262 AD2d 958, 959). Moreover, to the extent that a dangerous condition existed, there is also a question of fact as to whether it was readily observable (*see, Dorr v General Elec. Co.*, 235 AD2d 883).

The parties' additional contentions are either not properly

before us or have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Pizzagalli Construction Company's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it and as denied defendant Davis Acoustical Corporation's motion for summary judgment dismissing the Labor Law § 200 cause of action against it; said motions granted to that extent, and summary judgment awarded to Pizzagalli Construction Company dismissing the Labor Law § 200 and negligence causes of action against it and to Davis Acoustical Corporation dismissing the Labor Law § 200 cause of action against it; and, as so modified, affirmed.