■ In the Matter of REINHARDT M. FISCHER et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 98326.) [737 NYS2d 204] —Appeal from an order of the Court of Claims (NeMoyer, J.), entered March 13, 2001, which granted claimants' motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant's cross motion in part and dismissing the Labor Law § 240 (1) cause of action and the Labor Law § 200 and common-law negligence causes of action and as modified the order is affirmed without costs.

Memorandum: The Court of Claims erred in granting claimants' motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and denying that part of defendant's cross motion seeking summary judgment dismissing that cause of action. Reinhardt M. Fischer (claimant) was struck and injured by a piece of concrete that fell into the excavation where he was installing water pipes. The piece of concrete was dislodged from the ground at the top of the excavation by a backhoe that was being used to clear the area of debris. Although claimant was struck by a falling object, we nevertheless conclude that this case does not fall within the protection of Labor Law § 240 (1). In cases involving falling objects, section 240 (1) applies only when there is " 'a significant risk inherent in * * * the relative elevation * * * at which material or loads must be positioned or secured' * * *. Thus, for section 240 (1) to apply, a [claimant] must show * * * that the object fell, while being hoisted or secured, because of the

absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [emphasis deleted]; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-514). Here, the piece of concrete did not fall "while being hoisted or secured," nor did it fall "because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc., supra* at 268), and thus the statute is inapplicable (*see, Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14,* 286 AD2d 744).

The court further erred in denying that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. Defendant established as a matter of law that claimant's injury arose solely out of the manner of the contractor's work and that defendant exercised no supervisory control over that work (*see, Gray v Balling Constr. Co.*, 239 AD2d 913).

The court, however, properly denied that part of defendant's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action. Of the regulations relied upon by claimants to support that cause of action, we conclude that 12 NYCRR 23-4.2 and 23-4.4 are sufficiently specific (*see, Adamczyk v Hillview Estates Dev. Corp.*, 226 AD2d 1049, 1050) and may be found at trial to be applicable to the facts of this case (*see generally, Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 503-505).

We therefore modify the order by granting defendant's cross motion in part and dismissing the Labor Law § 240 (1) cause of action and the Labor Law § 200 and common-law negligence causes of action. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Gorski, JJ.