■ KENNETH DAVIS, Respondent, v MANITOU CONSTRUCTION COMPANY, Part of DOLOMITE GROUP, Appellant-Respondent, and KENNETH W. FENNELL, Doing Business as FENNELL EXCAVATING COMPANY, et al., Respondent-Appellant. [751 NYS2d 136] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered November 29, 2001, which, inter alia, denied that part of the motion of defendant Manitou Construction Company and that part of the cross motion of defendant Kenneth W. Fennell, doing business

as Fennell Excavating Company, for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion of defendant Manitou Construction Company for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it and dismissing those claims against it and by granting that part of the cross motion of defendant Kenneth W. Fennell, doing business as Fennell Excavating Company, for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims against him and dismissing those claims against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained while working for Okar Equipment Company (Okar). Okar was hired by defendant Manitou Construction Company (Manitou) to replace fuel tanks on Manitou's property, and Okar contracted with defendant Kenneth W. Fennell, doing business as Fennell Excavating Company (Fennell), to excavate the hole necessary for the fuel tanks. Plaintiff was standing in the excavated hole when a portion of the wall therein collapsed, causing a pipe to fall and strike plaintiff.

Supreme Court erred in denying that part of the motion of Manitou for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it. Manitou established as a matter of law that plaintiff's injury was not caused by a defective condition of the land (*see Farrell v Okeic,* 266 AD2d 892, 893) and, in addition, that plaintiff's injury "arose solely out of the manner of [plaintiff's] work and that [Manitou] exercised no supervisory control over that work" (*Matter of Fischer v State of New York,* 291 AD2d 815, 816; *see also Catherwood v American Sterilizer Co.,* 132 AD2d 938; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 72-73, *lv dismissed and appeal dismissed* 60 NY2d 701). We conclude, however, that the court properly denied that part of the motion of Manitou for summary judgment dismissing the Labor Law § 241 (6) claim against it. That claim is premised upon violations of 12 NYCRR 23-4.2, 23-4.4, and 23-4.5, all of which are sufficiently specific to support a Labor Law § 241 (6) claim (*see Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049; *see also Fischer,* 291 AD2d at 816), and there is an issue of fact whether the walls of the excavated hole were properly sloped.

We further conclude that the court erred in denying that

part of the cross motion of Fennell for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims against him. Fennell established his entitlement to judgment as a matter of law with respect to those claims by establishing that he had no relationship with Manitou, the owner of the property, that he excavated the hole specifically at the direction of plaintiff's employer, and that he had no authority or control over plaintiff's work (see Russin v Picciano & Son, 54 NY2d 311, 316-318; Ryder v Mount Loretto Nursing Home, 290 AD2d 892, 894; Wright v Nichter Constr. Co., 213 AD2d 995, 995-996). However, the court properly denied that part of the cross motion of Fennell for summary judgment dismissing the common-law negligence claim against him. There are issues of fact whether Fennell's excavation of the hole created an unreasonable risk of harm to plaintiff and was a proximate cause of plaintiff's injuries (see Ryder, 290 AD2d at 894).

Finally, the court properly denied that part of Manitou's motion for summary judgment seeking conditional common-law indemnification from Fennell since Fennell did not "actually supervise[ ], direct[ ] or control[ ] the work giving rise to the injury sustained by [plaintiff]" (Nappo v Menorah Campus, 216 AD2d 876, 877, citing Chapel v Mitchell, 84 NY2d 345, 347; cf. Clark v Town of Scriba, 280 AD2d 915, 916-917; DiVincenzo v Tripart Dev., 272 AD2d 904, 905).

We therefore modify the order by granting that part of the motion of Manitou for summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it and dismissing those claims against it and by granting that part of the cross motion of Fennell for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims against him and dismissing those claims against him. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.