■ TIMOTHY MARANO et al., Appellants-Respondents, v COMMANDER ELECTRIC, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, VALENTE CONTRACTING CORP., Respondent, et al., Defendants. YORK CONCRETE, INC., Third-Party Defendant-Appellant. [785 NYS2d 109]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated February 9, 2004, as granted that branch of the motion of the defendant Valente Contracting Corp. which was for summary judgment dismissing their cause of action alleging common-law negligence insofar as asserted against it, the defendant third-party plaintiff Commander Electric, Inc., separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant Valente Contracting Corp. which was for summary judgment dismissing its cross claims against that defendant and the third-party defendant York Concrete, Inc., separately appeals from so much of the

same order as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Valente Contracting Corp. which were for summary judgment dismissing the plaintiffs' cause of action alleging common-law negligence and the cross claims of the defendant third-party plaintiff insofar as asserted against it, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs and to the defendant third-party plaintiff payable by the defendant Valente Contracting Corp., and one bill of costs to the defendant third-party plaintiff payable by the third-party defendant.

The defendant third-party plaintiff Commander Electric, Inc. (hereinafter Commander), was the general contractor on a job to install new roadway lighting on Sunrise Highway in Nassau County. On May 31, 2001, the plaintiff Timothy Marano, a laborer employed by the third-party defendant subcontractor York Concrete, Inc. (hereinafter York), was injured when a 10-foot-deep trench caved in on him as he was manually clearing debris from a five-inch conduit. An employee of the defendant subcontractor Valente Contracting Corp. (hereinafter Valente) was simultaneously excavating the trench with a back hoe around the area of the conduit. The plaintiffs commenced this action against, among others, Commander and Valente, alleging, inter alia, that Valente caused the accident through an affirmative act of negligence of its employee. Commander impleaded York seeking, inter alia, contractual indemnification. The Supreme Court granted that branch of Valente's motion which was for summary judgment dismissing the plaintiffs' cause of action alleging common-law negligence and Commander's cross claims insofar as asserted against it. The Supreme Court also denied that branch of York's motion which was for summary judgment dismissing Commander's third-party cause of action for contractual indemnification.

With respect to the plaintiffs' cause of action alleging common-law negligence, Valente failed to sustain its burden of demonstrating entitlement to judgment as a matter of law on the ground that it was not negligent in the happening of the accident (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The evidence raised a triable issue of fact as to whether Valente's employee created an unreasonable risk of harm that

was the proximate cause of the injured plaintiff's injuries (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]; *Mennerich v Esposito*, 4 AD3d 399 [2004]; *Davis v Manitou Constr. Co.*, 299 AD2d 927 [2002]; *Ryder v Mount Loretto Nursing Home*, 290 AD2d 892 [2002]; *Goettelman v Indeck Energy Servs. of Olean*, 262 AD2d 958, 959 [1999]). Accordingly, those branches of Valente's motion which were for summary judgment dismissing the plaintiffs' cause of action alleging common-law negligence and Commander's cross claims insofar as asserted against it should have been denied.

We affirm the denial of that branch of York's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification on a different ground than that articulated by the Supreme Court (*see Matter of Phoenix Ins. Co. v Tasch*, 306 AD2d 288 [2003]; *Menorah Nursing Home v Zukov*, 153 AD2d 13 [1989]). It would be premature to decide whether the indemnification provision in paragraph 7 (a) of the subcontract between York and Commander was violative of General Obligations Law § 5-322.1, where, as here, Commander's liability has not yet been determined (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180-181 [1990]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923 [2003]; *McGill v Polytechnic Univ.*, 235 AD2d 400, 402 [1997]).

The parties' remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.