■ CHRISTOPHER FELLOWS et al., Respondents-Appellants, v COUNTY OF ONONDAGA et al., Respondents, and SCOTT FELLOWS, Individually and Doing Business as SCOTT FELLOWS TRUCKING COMPANY, et al., Appellants-Respondents. [794 NYS2d 165]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered February 18, 2004. The order, insofar as appealed from, granted the motion of defendant Onondaga Soil and Water Conservation for summary judgment dismissing the complaint against it, granted that part of the motion of defendants Scott Fellows, individually and doing business as Scott Fellows Trucking Company, and Scott Fellows Trucking Company for summary judgment dismissing the Labor Law § 200 and § 241 (6) claims against them, and denied that part of the motion of Scott Fellows, individually and doing business as Scott Fellows Trucking Company, and Scott Fellows Trucking Company for summary judgment dismissing the common-law negligence claim against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Christopher Fellows (plaintiff) while working for third-party defendant Robert E. Dye, doing business as Bob Dye Construction (Dye). Defendant Onondaga County Soil & Water Conservation District, incorrectly designated in the complaint as Onondaga Soil and Water Conservation, contracted with Dye to construct a manure storage facility on a farm owned and operated by Robert Cates, individually and doing business as Covale Farms; Raymond Cates, individually and doing business as Covale Farms; Bradley Cates, individually and doing business as Covale Farms; and Covale Farms (collectively, Cates defendants). Dye subcontracted with Scott Fellows, individually and doing business as Scott Fellows Trucking Company, and Scott Fellows Trucking Company (collectively, defendants), inter alia, to excavate the trenches necessary for laying pipes. Plaintiff, who was hired by Dye as a laborer, was standing in a trench laying pipe when a portion of the wall collapsed, trapping plaintiff under the soil.

We conclude that Supreme Court properly granted that part of the motion of defendants seeking summary judgment dismissing the Labor Law § 200 and § 241 (6) claims against them. Defendants established their entitlement to judgment as a matter of law with respect to those claims by establishing that they

"had no relationship with [the Cates defendants], the owner[s] of the property, that [they] excavated the hole specifically at the direction of plaintiff's employer, and that [they] had no authority or control over plaintiff's work" (*Davis v Manitou Constr. Co.*, 299 AD2d 927, 929 [2002]; *see Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 893-894 [2002]). We further conclude that defendants established that they received daily instructions from Dye and had no independent authority or control over the "injury-producing activity" to enable them to avoid or correct an unsafe condition (*Rice v City of Cortland*, 262 AD2d 770, 772 [1999]; *see Russin v Picciano & Son*, 54 NY2d 311, 318 [1981]).

The court, however, properly denied that part of the motion of defendants seeking summary judgment dismissing the common-law negligence claim against them. "There are issues of fact whether [their] excavation . . . created an unreasonable risk of harm to plaintiff and was a proximate cause of plaintiff's injuries" (*Davis*, 299 AD2d at 929; *see Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]; *Ryder*, 290 AD2d at 894). Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.