■ JOHN CRANE et al., Plaintiffs, v JAB REALTY, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. LONG ISLAND POWER AUTHORITY et al., Third-Party Defendants-Respondents. [803 NYS2d 695]—

In an action to recover damages for personal injuries, etc., the

defendants third-party and second third-party plaintiffs, JAB Realty, LLC, and Touch of Class Car Wash, Inc., appeal from an order of the Supreme Court, Nassau County (Martin, J.), dated December 24, 2003, which granted the motion of third-party defendant Long Island Power Authority, and the second third-party defendants Keyspan Corporate Services, LLC, and Keyspan Corporation, doing business as Keyspan Energy, pursuant to CPLR 3126 to dismiss the third-party complaint and the second third-party complaint, respectively, on the basis of spoliation of evidence, and denied their cross motion for summary judgment on the issue of common-law indemnification against the third-party defendant and the second third-party defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the third-party defendant and the second third-party defendants, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The injured plaintiff fell from a ladder owned by Touch of Class Car Wash, Inc. (hereinafter the Car Wash), while attempting to climb to the Car Wash roof to check the air-conditioning unit. The injured plaintiff was working on assignment on behalf of Long Island Power Authority. Immediately following the accident, the allegedly worn rubber foot of the ladder was replaced. Following the plaintiffs' examination of the ladder and the commencement of third-party actions, but before the respondents could examine the ladder, the Car Wash disposed of the ladder.

Because the respondents were not prejudiced by the loss of the ladder, as it was not in the same condition as at the time of the accident, the Supreme Court improperly granted the motion to dismiss the third-party and second third-party complaints based upon spoliation of evidence (*see Klein v Ford Motor Co.,* 303 AD2d 376 [2003]; *Romano v Scalia & DeLucia Plumbing,* 280 AD2d 658 [2001]).

However, the court properly denied the appellants' cross motion for summary judgment on the issue of common-law indemnification as against the respondents because a triable issue of fact exists as to appellants' negligence (*see Donnelly v Treeline Cos.,* 13 AD3d 143 [2004]; *Clark v Town of Scriba,* 280 AD2d 915 [2001]; *Buccini v 1568 Broadway Assoc.,* 250 AD2d 466 [1998]). Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.