CHARLES SIMON, Respondent, v GRANITE BUILDING 2, LLC, et al., Respondents-Appellants, and FXR CONSTRUCTION, INC., Doing Business as DEV CONSTRUCTION, et al., Appellants-Respondents, et al., Defendants. [980 NYS2d 489]—

In an action to recover damages for personal injuries and wrongful death, (1) the defendant Canatal Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered February 2, 2012, as granted that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards against it, denied those branches of its cross motion which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims of the defendants Granite Building 2, LLC, and Lalezarian Properties, LLC, insofar as asserted against it, and granted that branch of the cross motion of the defendants Kulka Construction Corp. and Kulka Contracting, LLC, which was for leave to amend their answer to include cross claims against it for contractual indemnification and to re-

cover damages for breach of contract for failure to procure insurance, (2) the defendant MCLO Structural Steel Corp. appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards against it, denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims of the defendants Granite Building 2, LLC, and Lalezarian Properties, LLC, for contractual indemnification and to recover damages for breach of contract for failure to procure insurance insofar as asserted against it, and granted that branch of the cross motion of the defendants Kulka Construction Corp. and Kulka Contracting, LLC, which was for leave to amend their answer to include cross claims against it for contractual indemnification and to recover damages for breach of contract for failure to procure insurance, and (3) the defendant FXR Construction, Inc., doing business as DEV Construction, appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards against it, denied those branches of its cross motion which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the cross claims of the defendants Granite Building 2, LLC, and Lalezarian Properties, LLC, for contractual indemnification insofar as asserted against it, and granted that branch of the cross motion of the defendants Kulka Construction Corp. and Kulka Contracting, LLC, which was for leave to amend their answer to include a cross claim against it for contractual indemnification, and the defendants Granite Building 2, LLC, and Lalezarian Properties, LLC, and the defendants Kulka Construction Corp. and Kulka Contracting, LLC, separately cross-appeal, as limited by their respective briefs, from so much of the same order as granted that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards against each of them and denied their separate cross motions for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against each of them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards against the appellants-respondents and the respondents-appellants, and

substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying those branches of the motion of the defendant MCLO Structural Steel Corp., and the separate cross motions of the defendants Granite Building 2, LLC, and Lalezarian Properties, LLC, the defendants Kulka Construction Corp. and Kulka Contracting, LLC, the defendant Canatal Industries, Inc., and the defendant FXR Construction, Inc., doing business as DEV Construction, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motion and cross motions, (3) by deleting the provision thereof denying those branches of the motion of the defendant MCLO Structural Steel Corp. and the separate cross motions of the defendants Canatal Industries, Inc., and FXR Construction, Inc., doing business as DEV Construction, which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motion and cross motions, (4) by deleting the provision thereof denying those branches of the motion of the defendant MCLO Structural Steel Corp. and the cross motion of the defendant Canatal Industries, Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motion and cross motions, (5) by deleting the provision thereof denying those branches of the motion of the defendant MCLO Structural Steel Corp. and the cross motion of the defendant Canatal Industries, Inc., which were for summary judgment dismissing the cross claims of the defendants Granite Building 2, LLC, and Lalezarian Properties, LLC, for contractual indemnification against each of them, and substituting therefor a provision granting those branches of the motion and cross motion, (6) by deleting the provision thereof granting that branch of the cross motion of the defendants Kulka Construction Corp. and Kulka Contracting, LLC, which was for leave to amend their answer to include cross claims for contractual indemnification against the defendants Canatal Industries, Inc., and MCLO Structural Steel Corp., and substituting therefor a provision denying that branch of the cross motion, and (7) by deleting the provision thereof denying that branch of the cross motion of defendant Canatal Industries, Inc., which was for summary judgment dismissing the cross claim of the defendants Granite Building 2, LLC, and Lalezarian Properties, LLC, for contribution insofar as asserted against

it, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and his wife (hereinafter the decedent), were hired to hang wallpaper in a newly constructed office building that was nearly complete, which was owned by the defendant Granite Building 2, LLC (hereinafter Granite). On the morning of the subject accident, February 13, 2008, the day after they were instructed to begin work in the building, the decedent drove her vehicle, with the plaintiff as a passenger, to the job site. When the plaintiff and the decedent were unable to enter the building through the front entrance, the decedent drove the vehicle through an opening in a fence onto the upper deck of a parking garage that was still under construction adjacent to the building. When the vehicle was about halfway between the opening gate in the fence and the leading edge of the parking deck, the decedent informed the plaintiff that she could not stop. The vehicle slowly slid on ice until it reached the edge of the incomplete parking deck, broke through the steel cable guardrail system that was intended to protect individual workers, and fell approximately 32 feet to the lower level of the garage. The plaintiff was injured when he jumped out of the vehicle before it fell, and the decedent fell with the vehicle and died at the scene.

The plaintiff subsequently commenced this action against, among others, Granite, the defendant Lalezarian Properties, LLC (hereinafter Lalezarian), the property manager, Kulka Construction Corp. and Kulka Contracting, LLC (hereinafter together the Kulka defendants), the construction manager, Canatal Industries, Inc. (hereinafter Canatal), the structural steel subcontractor, MCLO Structural Steel Corp. (hereinafter MCLO), the installer of the structural steel, and FXR Construction, Inc., doing business as DEV Construction (hereinafter FXR), the concrete subcontractor (hereinafter collectively the appellants), to recover damages, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence.

In an order entered February 2, 2012, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards against the appellants, denied the appellants' motion and cross motions for summary judgment, and granted the motion of the Kulka defendants for leave to amend their answer to assert cross claims against Canatal, MCLO, and FXR.

Initially, the contentions of Granite, Lalezarian, and the Kulka

defendants that the summary judgment motion and cross motions of MCLO, Canatal, and FXR were untimely made are academic in light of the fact that the Supreme Court vacated the note of issue filed by the plaintiff and no party to this action has appealed from that determination.

The Supreme Court should have granted those branches of the appellants' motion and cross motions which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against each of them, and should have denied that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards against the appellants. The appellants made a prima facie showing of entitlement to judgment as a matter of law on the Labor Law §§ 240 (1) and 241 (6) causes of action. At the time of the accident, the plaintiff and his decedent were not engaged in an enumerated activity protected under Labor Law § 240 (1) (*see Jock v Fien*, 80 NY2d 965, 967-968 [1992]). Further, the plaintiff cannot establish a violation of Labor Law § 241 (6), since the plaintiff and his decedent were not working in a construction area at the time of the accident, and the accident did not occur in connection with construction, demolition, or excavation work being performed by them (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]; *Gleason v Gottlieb*, 35 AD3d 355 [2006]; *Peterkin v City of New York*, 5 AD3d 652 [2004]). In opposition to the appellants' motion and cross motions, the plaintiff failed to raise a triable issue of fact. Wallpapering in and of itself is not an enumerated activity under the Labor Law, and the plaintiff failed to allege sufficient facts to establish that the work that he and the decedent would have performed was part of the larger construction project (*see* Labor Law § 240 [1]; *Schroeder v Kalenak Painting & Paperhanging, Inc.*, 7 NY3d 797 [2006]). Further, while we are not to "isolate the moment of injury" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]) in determining whether a plaintiff is engaged in an activity protected under Labor Law §§ 240 (1) and 241 (6), we conclude, under the circumstances presented, that the accident occurred before the plaintiff and his decedent had begun any work that conceivably could have been covered under these sections of the Labor Law (*cf. Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004]; *Ferenczi v Port Auth. of N.Y. & N.J.*, 34 AD3d 722 [2006]). Moreover, since the Supreme Court should have directed dismissal of the plaintiff's Labor Law § 241 (6) causes of action, that branch of the plaintiff's motion which was for leave to amend the bill of particulars to allege violations of 12 NYCRR 23-4.2 and OSHA standards as additional predicates to his Labor Law § 241 (6) causes of action also should have been denied.

The Supreme Court should have granted those branches of the motion of MCLO, and the cross motions of Canatal and FXR, which were for summary judgment dismissing the Labor Law § 200 causes of action insofar as asserted against each of them. These defendants established, prima facie, that they did not have authority to supervise or control the area of the work site where the plaintiff was injured (*see Martinez v City of New York*, 73 AD3d 993, 998 [2010]; *Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 894-895 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact.

Canatal and MCLO also established their entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence insofar as asserted against each of them. A subcontractor "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area" (*Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195 [2011] [internal quotation marks omitted]; *see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 523 [2010]). An award of summary judgment in favor of a subcontractor on a negligence claim is improper "where the 'evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries' " (*Erickson v Cross Ready Mix, Inc.*, 75 AD3d at 523, quoting *Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]). Here, Canatal and MCLO demonstrated, prima facie, that they did not create the dangerous condition that caused the accident, and the plaintiff failed to raise a triable issue of fact in opposition.

However, the Supreme Court properly denied that branch of FXR's cross motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. The evidence presented by FXR failed to establish, prima facie, that its workers did not create a dangerous condition when they removed a portion of the fence meant to close off access to the parking deck to allow for a delivery truck to enter and then failed to replace the fence once the delivery was complete, or that this dangerous condition was not a proximate cause of the accident.

The Supreme Court should have granted those branches of the cross motion of Canatal and the motion of MCLO which were for summary judgment dismissing the cross claims of Granite and Lalezarian for contractual indemnification insofar as asserted against each of them, and should have denied that

branch of the Kulka defendants' cross motion which was for leave to amend their answer to assert cross claims for contractual indemnification against Canatal and MCLO. Canatal and MCLO demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the accident fell outside the scope of the indemnification clauses that were respectively applicable to them (see *Mikelatos v Theofilaktidis*, 105 AD3d 822 [2013]; *Perales v First Columbia 1200 NSR, LLC*, 88 AD3d 1213, 1214 [2011]; *Kogan v North St. Community, LLC*, 81 AD3d 429, 430 [2011]; see generally *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]). In response, Granite and Lalezarian failed to raise a triable issue of fact. For similar reasons, that branch of the Kulka defendants' cross motion which was for leave to amend their answer to assert cross claims for contractual indemnification against Canatal and MCLO should have been denied, as the amendment was " 'palpably insufficient . . . and . . . patently devoid of merit' " (*Greco v Christoffersen*, 70 AD3d 769, 770 [2010], quoting *Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; see CPLR 3025 [b]; *Ingrami v Rovner*, 45 AD3d 806, 808 [2007]). The Supreme Court also should have granted that branch of Canatal's cross motion which was for summary judgment dismissing the cross claim of Granite and Lalezarian for contribution insofar as asserted against it. Canatal demonstrated, prima facie, that the work it performed did not cause or contribute to the happening of the accident (see *492 Kings Realty, LLC v 506 Kings, LLC*, 105 AD3d 991 [2013]). In opposition, Granite and Lalezarian failed to raise a triable issue of fact.

The Supreme Court properly denied that branch of FXR's cross motion which was for summary judgment dismissing the cross claim of Granite and Lalezarian for contractual indemnification insofar as asserted against it, and properly granted that branch of the Kulka defendants' cross motion which was for leave to amend their answer to assert a cross claim for contractual indemnification against FXR. FXR failed to demonstrate its prima facie entitlement to judgment as a matter of law since it did not show that its negligence was not a proximate cause of the accident, and it did not, as a matter of law, demonstrate that the negligence of Granite, Lalezarian, or the Kulka defendants was a proximate cause of the accident. For the same reasons, the Supreme Court properly granted that branch of the Kulka defendants' cross motion which was for leave to amend their answer to assert a cross claim for contractual indemnification against FXR.

The Supreme Court properly denied that branch of Canatal's

cross motion which was for summary judgment dismissing the cross claim of Granite and Lalezarian to recover damages for breach of contract for failure to procure insurance insofar as asserted against it. Canatal failed to submit evidence demonstrating as a matter of law that it complied with the insurance provision of the applicable contract that required it to procure insurance (*see Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]; *see also Kinney v Lisk Co.*, 76 NY2d 215 [1990]; *Keelan v Sivan*, 234 AD2d 516 [1996]; *DiMuro v Town of Babylon*, 210 AD2d 373 [1994]).

The Supreme Court also properly denied that branch of MCLO's motion which was for summary judgment dismissing the cross claim of Granite and Lalezarian to recover damages for breach of contract for failure to procure insurance insofar as asserted against it. MCLO failed to establish its entitlement to judgment as a matter of law by demonstrating that Granite and Lalezarian were not third-party beneficiaries of the provision requiring it procure insurance contained in its contract with Canatal, or that it complied with said provision.

The Supreme Court providently exercised its discretion in granting that branch of the Kulka defendants' cross motion which was for leave to amend their answer to assert cross claims to recover damages for breach of contract for failure to procure insurance against Canatal and MCLO. The proposed amendments to the answer were not palpably insufficient or patently devoid of merit, and Canatal and MCLO made no showing of prejudice or surprise (*see* CPLR 3025 [b]; *Aurora Loan Servs., LLC v Thomas*, 70 AD3d 986 [2010]). Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.