Demetrio v Clune Constr. Co., L.P. (2019 NY Slip Op 07740)





Demetrio v Clune Constr. Co., L.P.


2019 NY Slip Op 07740


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10229 653686/16

[*1] Massimo Demetrio, Plaintiff-Respondent-Appellant,
v
Clune Construction Company, L.P., et al., Defendants-Appellants-Respondents, Nordic Contracting Company, Inc., Defendant, E & N Construction Incorporated, Defendant-Respondent.


Lewis Brisbois, Bisgaard & Smith, LLP, New York (Nicholas Hurzeler of counsel), for appellants-respondents.
Fortunato & Fortunato, PLLC, Brooklyn (Ronald W. Gill of counsel), for respondent-appellant.
Gallo Vitucci Klar LLP, Woodbury (Anne Marie Garcia of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about March 7, 2019, which, insofar as appealed from as limited by the briefs, denied the motion by defendants Clune Construction Company, L.P. and Time Warner Cable New York City LLC (Time Warner NYC) for summary judgment dismissing the complaint as against them and for summary judgment on their contractual indemnification cross claim against defendant E & N Construction Incorporated (E & N), granted plaintiff's motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims as against Clune and Time Warner NYC, denied plaintiff's motion for summary judgment on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim based on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7(d), 23-1.7(b)(1), and 23-4.2(h) as against E & N, and granted E & N's motion for summary judgment dismissing those claims as against it and dismissing Clune and Time Warner NYC's contractual and common-law indemnification cross claims against it, unanimously modified, on the law, to grant plaintiff's motion for summary judgment on the Labor Law § 240(1) claim as against defendant Time Warner Cable Enterprises, LLC (Time Warner Enterprises),[FN1] and deny E & N's motion for summary judgment dismissing the Labor Law § 240(1) claim as against it and dismissing the common-law indemnification cross claim against it, and otherwise affirmed, without costs.
Plaintiff established prima facie that his injuries were proximately caused by a failure to provide adequate safety devices to protect him from the elevation-related risk of falling into a trench while he was working on the construction site (see Labor Law § 240[1]; Gjeka v Iron Horse Transp., Inc., 151 AD3d 463 [1st Dept 2017]). He testified that the only safety device [*2]protecting workers from falling into the trench at the time of his accident was orange netting secured by wooden fencing. When plaintiff slipped on a nearby patch of mud in the rain while exiting the building under construction to give instructions to another worker, he grabbed onto the wooden fencing in an attempt to prevent himself from falling into the trench, but the fencing collapsed and fell into the trench along with plaintiff.
Clune and Time Warner failed to raise an issue of fact as to whether there was excavation work being done at the time of the accident, rendering it impracticable to maintain safety devices around the trench at the time (compare Dias v City of New York, 110 AD3d 577 [1st Dept 2013], with Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). Their argument that plaintiff was acting outside the scope of his work at the time of his accident is also unavailing. While two witnesses testified broadly that no one should have used the door through which plaintiff exited the building and stepped into the outdoor area where he fell, it is undisputed that plaintiff was never instructed not to go to the area in question, and there were no warning signs to that effect (see Dedndreaj v ABC Carpet & Home, 93 AD3d 487 [1st Dept 2012]). Nor are witnesses' differing estimates as to the depth of the trench, ranging from about 3 feet to 15 feet, dispositive as to whether plaintiff's accident resulted from a significant elevation differential (see e.g. Lelek v Verizon N.Y., Inc., 54 AD3d 583, 584 [1st Dept 2008]; Megna v Tishman Constr. Corp. of Manhattan, 306 AD2d 163 [1st Dept 2003]). We also reject Clune and Time Warner's argument that plaintiff's injuries resulted not from a failure to protect against elevation-related risks but from the usual and ordinary dangers on a construction site, i.e., mud on the ground in the rain (see Pipia v Turner Constr. Co., 114 AD3d 424, 426-427 [1st Dept 2014], lv dismissed 24 NY3d 1216 [2015]).
The Labor Law §§ 240(1) and 241(6) claims should not be dismissed as against E & N. The testimony that E & N dug the trench and was responsible for installing protective devices around it raises an issue of fact as to whether E & N was a statutory agent of Time Warner (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 434 [2015]; Bove v New York City Hous. Auth., 181 AD2d 427 [1st Dept 1992]).
We note that plaintiff has abandoned his Labor Law § 200 and common-law negligence claims against E & N.
Summary judgment dismissing Clune and Time Warner's common-law and contractual indemnification cross claims against E & N is precluded by issues of fact as to whether E & N exercised actual supervision or control over the work involving the trench (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]; see e.g. Bellucia v CF 620, 172 AD3d 520, 522 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK



Footnotes

Footnote 1:The order refers to Time Warner NYC, and not Time Warner Enterprises. However, we will treat the two Time Warner entities as one (Time Warner), following the approach of all parties to this appeal, and because it appears that that was the intent of Time Warner's somewhat confusing motion papers. Moreover, plaintiff's motion names both Time Warner entities.