■ Nikiforos Kelarakos et al., Respondents, v Massapequa Water District, Defendant, S & P Construction Management, Inc., Respondent, and D & M Mason Contractor, Appellant. (And a Third-Party Action.) [832 NYS2d 625]—

In an action to recover damages for personal injuries, etc., the defendant D & M Mason Contractor appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated June 15, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the appellant's motion which were to dismiss the causes of action based upon Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against it in the complaint, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1999 the defendant Massapequa Water District (hereinafter Massapequa) hired the defendant S & P Construction

Management, Inc. (hereinafter S & P), as a general contractor for construction work to be performed at Massapequa's Brooklyn Avenue Storage Garage in Nassau County. Thereafter S & P subcontracted with the defendant D & M Mason Contractor (hereinafter D & M) to perform bricklaying and mortar work at the site. D & M erected the building's four exterior walls, which included the installation of hurricane clips on top of those walls. S & P also subcontracted with the third-party defendant Kyvos Construction Corp. (hereinafter Kyvos) to perform work at the site, including the installation of roof trusses. These are triangular shapes which "sit upon" the side exterior walls and go from these walls to the center of the building to form the frame for the roof.

On May 17, 1999 at approximately 2:00 P.M. the plaintiff Nikiforos Kelarakos (hereinafter Kelarakos), an employee of Kyvos, was in the process of installing wooden supports to brace the trusses when several trusses collapsed and fell on him, causing him to sustain injury. The plaintiffs commenced an action in which they alleged, inter alia, that D & M was negligent and that it violated the Labor Law. D & M moved for summary judgment dismissing the complaint, all cross claims and, in effect, all third-party causes of action insofar as asserted against it. D & M argued that it had completed its work and left the construction site before the injured plaintiff had even begun to work on installing the trusses, and there was no evidence that its work had been done improperly or that it contributed to the happening of the accident. In opposition, the plaintiffs submitted evidence, including an expert's affidavit, which suggested that D & M improperly installed the hurricane clips and that it left uneven mortar mounds on the tops of the walls—factors which could have caused the trusses to become unstable, thereby causing the accident.

"Labor Law §§ 200, 240, and 241 liability cannot be assessed against a subcontractor who did not control the work that caused the plaintiff's injury" (*Zervos v City of New York*, 8 AD3d 477, 481 [2004]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311 [1981]; *Lopes v Interstate Concrete*, 293 AD2d 579 [2002]; *Ryder v Mount Loretto Nursing Home*, 290 AD2d 892 [2002]). Here, it is undisputed that D & M neither controlled nor supervised the injured plaintiff's work since D & M had completed its work and had left the construction site before the injured plaintiff even began to work on installing the trusses. Thus D & M was entitled to summary judgment dismissing of the causes of action asserted against it which were predicated upon alleged violations of Labor Law §§ 200, 240 (1), and § 241 (6).

However, the plaintiffs did raise questions of fact as to whether D & M negligently performed its work. Specifically, the plaintiffs raised triable issues regarding whether D & M improperly installed the hurricane clips and/or left uneven mortar mounds on the tops of the walls, and whether such factors could have caused the trusses to become unstable, thereby causing or contributing to the accident which injured Kelarakos. Accordingly, the Supreme Court properly denied that branch of D & M's motion which was for summary judgment dismissing the plaintiffs' cause of action alleging common-law negligence (*see Bell v Bengomo Realty, Inc.*, 36 AD3d 479 [2007]; *see also Mendez v Union Theol. Seminary in City of N.Y.*, 17 AD3d 271 [2005]; *Ryder v Mount Loretto Nursing Home, supra*). Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.