■ RICHARD J. ERICKSON, Respondent-Appellant, v CROSS READY MIX, INC., Respondent, TURNER CONSTRUCTION COMPANY, Defendant/Third-Party Plaintiff-Respondent-Appellant, and ELITE READY MIX CORPORATION, Appellant-Respondent, et al., Defendants. COMMODORE CONSTRUCTION CORP., Third-Party Defendant-Respondent. [906 NYS2d 284]—

In an action to recover damages for personal injuries, the defendant Elite Ready Mix Corporation appeals, as limited by its brief and a letter dated July 22, 2009, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered September 30, 2008, as denied those branches of its cross motion which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law §§ 200 and 241 (6) and common-law negligence insofar as asserted against it, and granted that branch of the motion of the defendant Cross Ready Mix, Inc., which was for summary judgment dismissing its cross claims for common-law indemnification and contribution asserted against that defendant, the plaintiff separately appeals, as limited by his brief, from so much of the same order as granted those branches of the motion of the defendant Cross Ready Mix, Inc., and the cross motion of the defendant/third-party plaintiff, Turner Construction Company, which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 200 and common-law negligence insofar as asserted against each of those parties, and the defendant/third-party plaintiff, Turner Construction Company, separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment on the third-party complaint and granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint.

Ordered that the appeal from so much of the order as denied that branch of the cross motion of the defendant Elite Ready Mix Corporation which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) insofar as asserted against it is dismissed as academic, without costs or disbursements, in light of the entry of an order entered April 21, 2009, which, upon renewal, inter alia, in effect, vacated the determination in the order entered September 30, 2008, denying that branch of the cross motion and thereupon granted that branch of the cross motion; and it is further,

Ordered that the order entered September 30, 2008, is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of the defendant Cross Ready Mix, Inc., which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 200 and common-law negligence and all cross claims insofar as asserted against it, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision

thereof granting the motion of the third-party defendant for summary judgment dismissing the third-party complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As the general contractor of a construction site where a commercial building was being renovated, the defendant/third-party plaintiff, Turner Construction Company (hereinafter Turner), hired the third-party defendant, Commodore Construction Corp. (hereinafter Commodore), to perform certain concrete and masonry work. In turn, Commodore hired the defendant Cross Ready Mix, Inc. (hereinafter Cross Ready Mix), to deliver the concrete necessary for, among other things, creating the concrete bases for approximately four light posts outside the building.

On the day of the accident that is the subject of this action, Cross Ready Mix had committed to making more deliveries than it could fulfill using its own trucks. In order to make all of its deliveries, it hired two trucks and accompanying drivers from the defendant Elite Ready Mix Corporation (hereinafter Elite Ready Mix) for the day. Cross Ready Mix sent a cement truck and driver to the construction site where, upon arrival, the driver began pouring cement into certain forms used to create concrete curbs in front of the building. Thereafter, the truck proceeded to the back of the building, where the plaintiff and his coworker, Michael Schutt, both of whom were Commodore employees, were preparing the forms into which the concrete would be poured for the light post bases. While the plaintiff and Schutt had their backs to the truck, the driver began to back up in their direction. Upon seeing this, Schutt attempted to make himself visible in the driver's side-view mirror so that he could direct him to stop backing up. As Schutt was trying to position himself in this manner, he witnessed the truck back up over a pile of debris and the truck to tilt to one side, causing the 12-foot chute attached to the back of the truck to swing and strike the plaintiff, knocking him into the hole surrounding the form for the light post base. The plaintiff allegedly sustained injuries as a result of this contact with the chute and his subsequent fall.

The plaintiff commenced this action against Turner, Cross Ready Mix, and Elite Ready Mix, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. Turner Construction commenced a third-party action against Commodore, seeking contractual indemnification, among other things. Cross Ready Mix moved for summary judgment dismiss-

ing the complaint and all cross claims insofar as asserted against it. Elite Ready Mix cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Commodore moved for summary judgment dismissing the third-party complaint. Turner cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as well as on the third-party complaint.

In an order entered September 30, 2008, the Supreme Court, inter alia, denied those branches of the motion of Cross Ready Mix, and those branches of the cross motions of Elite Ready Mix and Turner, which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against each of them. The Supreme Court granted those branches of Cross Ready Mix's motion and Turner's cross motion which were for summary judgment dismissing the Labor Law §§ 200 and 240 (1) causes of action, and the common-law negligence cause of action insofar as asserted against each of them. The Supreme Court also granted that branch of the cross motion of Elite Ready Mix which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, but denied those branches of its cross motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. The Supreme Court also denied that branch of Turner's cross motion which was for summary judgment on the third-party complaint, and granted Commodore's motion for summary judgment dismissing the third-party complaint, apparently and mistakenly concluding that Turner had been dismissed from the action. We modify.

Where, as here, a Labor Law § 200 claim arises out of alleged defects or dangers resulting from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged had authority to supervise or control the operation (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]; *Ortega v Puccia*, 57 AD3d 54, 62 [2008]). "A defendant has the authority to control the work for the purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Cambizaca v New York City Tr. Auth.*, 57 AD3d at 702; *see Ortega v Puccia*, 57 AD3d at 62; *Warnitz v Liro Group*, 254 AD2d 411 [1998]).

Here, the Supreme Court properly granted that branch of Turner's cross motion which was for summary judgment dismissing the causes of action to recover damages for common-

law negligence and a violation of Labor Law § 200. Turner made a prima facie showing of entitlement to judgment as a matter of law in this regard by demonstrating that it did not have authority to supervise or control the work which brought about the plaintiff's injury (*see Cambizaca v New York City Tr. Auth.*, 57 AD3d at 702; *Saleh v Saratoga Condominium*, 10 AD3d 645, 646 [2004]).

However, the Supreme Court erred in granting that branch of the motion of Cross Ready Mix which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against it. "[L]iability against a subcontractor based upon a claimed violation of Labor Law § 200 . . . requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury" (*Kehoe v Segal*, 272 AD2d 583, 584 [2000]; *see Ramos v Patchogue-Medford School Dist.*, 73 AD3d 1010 [2010]; *Romang v Welsbach Elec. Corp.*, 47 AD3d 789, 789 [2008]). Cross Ready Mix failed to establish, prima facie, that neither the owner nor Turner conferred authority upon it to supervise or direct the operation of the truck within the work site.

Moreover, the Supreme Court erred in granting that branch of the motion of Cross Ready Mix which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. An award of summary judgment in favor of a subcontractor dismissing a negligence cause of action is improper where the "evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries" (*Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]; *see Mennerich v Esposito*, 4 AD3d 399, 400 [2004]; *cf. Kelarakos v Massapequa Water Dist.*, 38 AD3d 717, 718-719 [2007]). The evidence presented by Cross Ready Mix did not establish that it did not own the truck which backed into the plaintiff, or that it was not the employer of the truck's driver (*see Tabickman v Batchelder St. Condominiums By Bay, LLC*, 52 AD3d 593, 594 [2008]; *Mennerich v Esposito*, 4 AD3d at 400-401). Moreover, as there was an issue of fact as to whether the truck was owned and operated by Elite Ready Mix or Cross Ready Mix, an award of summary judgment dismissing the cross claims asserted by Elite Ready Mix for common-law indemnification and contribution was not appropriate (*see Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1029-1030 [2009]; *Aronov v Bruins Transp.*, 294 AD2d 523, 524 [2002]).

Inasmuch as the Supreme Court denied that branch of

Turner's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it, it was error for the Supreme Court to grant Commodore's motion for summary judgment dismissing the third-party complaint on the ground that Turner had been dismissed from the action. However, the Supreme Court properly denied that branch of Turner's cross motion which was for summary judgment on the third-party complaint, as it was premature for the Supreme Court to reach the issue of contractual indemnification, in light of the outstanding Labor Law § 241 (6) cause of action asserted against Turner (*see Barnes v DeFoe/Halmar*, 271 AD2d 387, 388 [2000]; *Chun v Ecco III Enters.*, 268 AD2d 454, 454-455 [2000]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.

Motion by the appellant-respondent on appeals from an order of the Supreme Court, Nassau County, entered September 30, 2008, to strike Point I of the reply brief of the respondent-appellant Richard J. Erickson. By decision and order on motion of this Court dated February 23, 2010, the motion was referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is denied. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.