■ WITOLD J. PORACKI, Respondent-Appellant, v ST. MARY'S ROMAN CATHOLIC CHURCH, Defendant/Third-Party Plaintiff-Appellant-Respondent, and ABC CONSTRUCTION CONTRACTING, Defendant/Third-Party Defendant-Respondent, et al., Defendant. (And a Second Third-Party Action.) [920 NYS2d 233]—

The defendant/third-party plaintiff, St. Mary's Roman Catholic Church, doing business as St. Mary's Star of the Sea (hereinafter St. Mary's), hired Nicholson & Galloway as the general contractor to perform restoration work on the exterior of its church. Nicholson & Galloway then hired the defendant Colgate Scaffolding Corp. (hereinafter Colgate) to erect scaffolding for the project and the defendant/third-party defendant, ABC Construction Contracting (hereinafter ABC), to perform lead and asbestos abatement on the exterior walls of the church.

On the day of the accident that is the subject of this action, the plaintiff, an employee of Nicholson & Galloway, was instructed by his foreman to replace wooden planks that had been removed from the scaffolding along the church tower. The removed planks created a two-foot-wide opening between the church wall and the level of scaffolding. The plaintiff allegedly fell through the opening in the scaffold to the church roof as he was in the process of replacing the removed planks, causing him to sustain injuries.

The plaintiff commenced this action against St. Mary's and Colgate, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. St. Mary's commenced a third-party action against ABC seeking, inter alia, common-law indemnification and contribution. The plaintiff then commenced

a separate action against ABC alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. Both of the plaintiff's actions were consolidated by order of the Supreme Court dated June 23, 2006.

Following the conclusion of discovery, the plaintiff moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and Colgate and ABC moved for summary judgment dismissing the complaint and all cross claims and third-party causes of action insofar as asserted against them. St. Mary's cross-moved, inter alia, for summary judgment on its third-party cause of action alleging common-law indemnification against ABC. In an order dated October 2, 2009, the Supreme Court granted Colgate's motion for summary judgment, and none of the parties appealed from that order. Subsequently, the plaintiff withdrew his Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against ABC.

In the order appealed from, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action against St. Mary's, granted ABC's motion for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it, and denied that branch of St. Mary's cross motion which was for summary judgment on its third-party cause of action for common-law indemnification against ABC. We modify.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796, 797 [2009]). To recover under Labor Law § 240 (1), the plaintiff must demonstrate a violation of the statute and that such violation proximately caused his or her injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)" (*Treu v Cappelletti*, 71 AD3d 994, 997 [2010]; *see Robinson v East Med. Ctr., LP*, 6 NY3d at 554; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d at 39; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290).

Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on his Labor Law § 240 (1)

cause of action by demonstrating that he was not provided with safety devices to properly protect him from the elevation-related risk created by the two-foot-wide scaffold opening, and that this failure proximately caused his accident (*see Ortiz v 164 Atl. Ave., LLC,* 77 AD3d 807 [2010]; *Tama v Gargiulo Bros., Inc.,* 61 AD3d 958, 960 [2009]; *Valensisi v Greens at Half Hollow, LLC,* 33 AD3d 693, 695 [2006]). In opposition, St. Mary's failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his own injuries (*see Gallagher v New York Post,* 14 NY3d 83, 88-89 [2010]; *Zong Mou Zou v Hai Ming Constr. Corp.,* 74 AD3d 800, 801 [2010]; *Treu v Cappelletti,* 71 AD3d at 997; *Valensisi v Greens at Half Hollow, LLC,* 33 AD3d at 695-696; *cf. Cahill v Triborough Bridge & Tunnel Auth.,* 4 NY3d at 39-40). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action against St. Mary's.

The Supreme Court also properly granted that branch of ABC's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it. "A subcontractor may not be held liable under Labor Law § 200 . . . where it does not have authority to supervise or control the work that caused the plaintiff's injury" (*Tomyuk v Junefield Assoc.,* 57 AD3d 518, 521 [2008]; *see Erickson v Cross Ready Mix, Inc.,* 75 AD3d 519, 523 [2010]; *Kelarakos v Massapequa Water Dist.,* 38 AD3d 717, 718 [2007]). Here, it is undisputed that ABC did not supervise or control the plaintiff's work when he fell through the scaffold opening.

However, the Supreme Court erred in granting that branch of ABC's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. "[A] subcontractor . . . may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area" (*Tabickman v Batchelder St. Condominiums By Bay, LLC,* 52 AD3d 593, 594 [2008]; *see Tomyuk v Junefield Assoc.,* 57 AD3d at 522). "An award of summary judgment in favor of a subcontractor dismissing a negligence cause of action is improper where the 'evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries' " (*Erickson v Cross Ready Mix, Inc.,* 75 AD3d at 523, quoting *Marano v Commander Elec., Inc.,* 12 AD3d 571, 572-573 [2004]; *see Kelarakos v Massapequa Water Dist.,* 38

AD3d at 719; *Bell v Bengomo Realty, Inc.*, 36 AD3d 479, 481 [2007]).

Here, the deposition testimony of the various witnesses submitted by ABC in support of its motion did not eliminate a triable issue of fact as to whether ABC created the scaffold opening. The president of ABC testified at his deposition that, in order to complete the lead abatement work, which was done before any other restoration work could commence, ABC workers removed the scaffold planks to access the entire surface area of the church walls as they moved from top to bottom and to place them on lower levels that did not contain planking. He repeatedly stated either that his workers did not replace the planking or that he did not know if his workers would replace the planking before moving on to the next portion of the work. Although he indicated that his workers would not need to remove the planking on the level where the plaintiff's accident occurred in order to complete the lead abatement work there, this assertion was not based on personal knowledge, and he admitted that he did not know whether his workers moved the planking in question. Moreover, the plaintiff testified at his deposition that when he first arrived on the project, he saw ABC employees working along the wall where his accident occurred, and the scaffold opening was present then and remained for the entire time he worked on the site prior to his accident. The plaintiff also frequently observed ABC workers move scaffold planks while on the project.

Accordingly, the Supreme Court erred in granting that branch of ABC's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it.

Since there are triable issues of fact as to whether ABC was negligent and, if so, whether this negligence caused the plaintiff's injuries, ABC is not entitled to summary judgment dismissing the third-party causes of action asserted by St. Mary's for common-law indemnification and contribution (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d at 523; *Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1029-1030 [2009]), and St. Mary's is not entitled to summary judgment on its third-party cause of action for common-law indemnification against ABC (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]). Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.