■ John Posa et al., Respondents, v Copiague Public School District et al., Respondents, and Health and Education Equipment Corp., Appellant, et al., Defendant. (And a Third-Party Title.) [922 NYS2d 499]—

In an action to recover damages for personal injuries, etc., the defendant Health and Education Equipment Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated January 7, 2010, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 200 and common-law negligence insofar as asserted against it and on its cross claim for common-law indemnification against the defendant TKO Contracting Corp., and granted that branch of the cross motion of the defendants Copiague Public School District and Irwin Contracting of Long Island, Inc., which was for summary judgment on their cross claim for contractual indemnification asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant Health and Education Equipment Corp. which were for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendants Copiague Public School District and Irwin Contracting of Long Island, Inc., which was for summary judgment on their cross claim for contractual indemnification asserted against the defendant Health and Education Equipment Corp., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Health and Education Equipment Corp., payable by the defendants Copiague Public School District and Irwin Contracting of Long Island, Inc., and the plaintiffs, and one bill of costs to the defendant TKO Contracting Corp., payable by the defendant Health and Education Equipment Corp.

The plaintiff John Posa (hereinafter the plaintiff), an employee of a nonparty company which installed bathroom partitions, was injured while working at Copiague High School (hereinafter the school) when two tabletops that were to be installed in the school's science laboratories fell on his foot. At the time of the accident, the tabletops had been stored on their sides in the school's hallway, leaning against the hallway wall. The defendant Irwin Contracting of Long Island, Inc. (hereinafter Irwin), was the general contractor retained by the defendant Copiague Public School District (hereinafter the School District)

to renovate portions of the school at the time of the accident. The defendant Health and Education Equipment Corp. (hereinafter H&E) entered into a subcontract with Irwin to provide and install furniture and fixtures in the laboratories. H&E, in turn, subcontracted to the defendant TKO Contracting Corp. (hereinafter TKO) the responsibility to unload the furniture and fixtures, store those items, and install the furniture and fixtures in the science laboratories.

The Supreme Court should have granted that branch of H&E's motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 200 insofar as asserted against it. H&E established its prima facie entitlement to judgment as a matter of law with respect to that cause of action by demonstrating that it was a subcontractor who did not control the work that allegedly caused the plaintiff's injury (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 521 [2008]; *Kelarakos v Massapequa Water Dist.*, 38 AD3d 717, 718 [2007]; *Zervos v City of New York*, 8 AD3d 477, 481 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In addition, the Supreme Court should have granted that branch of H&E's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. H&E made a prima facie showing that its employees did not create an unreasonable risk of harm that caused or contributed to the accident which injured the plaintiff (*see Tomyuk v Junefield Assoc.*, 57 AD3d at 521-522; *cf. Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 523 [2010]; *Kelarakos v Massapequa Water Dist.*, 38 AD3d at 719; *Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]), and the plaintiffs failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). To the extent the cause of action alleging common-law negligence insofar as asserted against H&E was predicated upon the alleged negligence of TKO, H&E's subcontractor, "[a]s a general rule, an employer who hires an independent contractor is not liable for the negligent acts of the independent contractor" (*Steel v City of New York*, 271 AD2d 435, 436 [2000]; *see Backiel v Citibank*, 299 AD2d 504, 505 [2002]; *Mercado v Slope Assoc.*, 246 AD2d 581 [1998]). Here, the plaintiffs' opposition papers failed to raise a triable issue of fact as to whether H&E exercised any control over the method or manner in which TKO performed its duties, and were thus insufficient to raise a triable issue of

fact as to whether H&E supervised TKO for vicarious liability purposes (*see Laecca v New York Univ.*, 7 AD3d 415, 416 [2004]; *Mercado v Slope Assoc.*, 246 AD2d at 581; *Gross v City of New York*, 207 AD2d 525, 526 [1994]).

The Supreme Court should have denied that branch of the cross motion of the School District and Irwin which was for summary judgment on their cross claim for contractual indemnification asserted against H&E. "The right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *see Martinez v City of New York*, 73 AD3d 993, 998-999 [2010]). "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]).

Here, the indemnification provisions of Irwin's purchase order and subcontract agreement with H&E, both of which were proffered in support of the cross motion, required H&E to indemnify the School District and Irwin for claims arising out of the work of H&E or its subcontractors. However, the School District and Irwin also proffered the deposition testimony of representatives of H&E and TKO, both of whom testified that it was a customary practice to temporarily store tabletops by leaning them against a wall (*see generally Trimarco v Klein*, 56 NY2d 98, 105-106 [1982]). Moreover, the subcontract agreement between Irwin and H&E required Irwin to provide "suitable areas for storage of the Subcontractor's materials and equipment during the course of the Work," and the deposition testimony of TKO's representative presented evidence that employees of the School District and/or Irwin may have directed TKO to store the tabletops in the area where the subject accident occurred. Accordingly, because the School District and Irwin failed to establish, prima facie, the absence of triable issues of fact as to whose negligence, if any, caused the accident, the Supreme Court should not have granted that branch of their cross motion which was for summary judgment on their cross claim for contractual indemnification against H&E (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d at 809; *George v Marshalls of MA, Inc.*, 61 AD3d at 930), regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We affirm the denial of that branch of H&E's motion which was for summary judgment on its cross claim for common-law

indemnification asserted against TKO, but on a ground different from that relied upon by the Supreme Court. In order to make a prima facie showing of its entitlement to judgment as a matter of law on this cross claim, H&E was required to demonstrate "not only that [it was] not negligent, but also that the proposed indemnitor, [TKO], was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury" (*Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]; *see Mendelsohn v Goodman*, 67 AD3d 753, 754 [2009]). In support of its motion, H&E relied upon the same deposition testimony and contracts proffered by the School District and Irwin in support of their cross motion. Contrary to the Supreme Court's determination, these submissions established, prima facie, that H&E was not negligent. However, they failed to demonstrate an absence of triable issues of fact as to whether TKO was either negligent or had the authority to direct, supervise, or control the work giving rise to the injury (*see Mendelsohn v Goodman*, 67 AD3d at 754; *DiPasquale v M.J. Ogiony Bldrs., Inc.*, 60 AD3d 1338, 1339-1340 [2009]). Accordingly, the Supreme Court properly denied that branch of H&E's motion which was for summary judgment on its cross claim for common-law indemnification asserted against TKO, without regard to the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The parties' remaining contentions are either not properly before this Court or without merit. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.