■ PEDRO L. ORTIZ, Appellant, v I.B.K. ENTERPRISES, INC., Respondent. [927 NYS2d 114]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 12, 2010, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a truck driver employed by a cement supplier, was delivering cement to a construction site when he slipped and fell at the site, thereby sustaining injuries. The cement was being delivered to the defendant, a subcontractor performing concrete work at the site. The plaintiff commenced this action against the defendant subcontractor, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and the plaintiff appeals.

The Supreme Court properly determined that the defendant subcontractor was entitled to summary judgment dismissing the Labor Law § 200 cause of action. The defendant established, prima facie, that it did not have authority to supervise or control the area of the work site where the plaintiff was injured (see Martinez v City of New York, 73 AD3d 993, 998 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

The defendant also established its entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence. A subcontractor "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area" (Poracki v St. Mary's R.C. Church, 82 AD3d 1192, 1195 [2011] [internal quotation marks omitted]; see Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523 [2010]). An award of summary judgment in favor of a subcontractor on a negligence claim is improper "where the 'evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries' " (Erickson v Cross Ready Mix, Inc., 75 AD3d at 523, quoting Marano v Commander Elec., Inc., 12 AD3d 571, 572-573 [2004]). Here, the defendant demonstrated, prima facie, that it did not create the dangerous condition that caused the plaintiff's injury, and the plaintiff failed to raise a triable issue of fact in opposition.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6). The de-

fendant showed that it was not acting as a statutory agent of either the owner or general contractor, and, therefore, could not be held liable under those statutory provisions (*see Torres v LPE Land Dev. & Constr., Inc.*, 54 AD3d 668, 669 [2008]; *Kehoe v Segal*, 272 AD2d 583, 584 [2000]; *see also Russin v Louis N. Picciano & Son*, 54 NY2d 311 [1981]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.