■ PETER CARAVOUSANOS, Plaintiff, v KINGS COUNTY HOSPITAL et al., Defendants, AWL INDUSTRIES, Appellant, and MEGA/MAKRO CONTRACTING, Respondent. (And Third-Party Actions.) [956 NYS2d 902]—

In an action to recover damages for personal injuries, the defendant AWL Industries appeals, as limited by its reply brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated April 1, 2011, as granted those branches of the motion of the defendant Mega/Makro Contracting which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against that defendant to the extent that they are based on common-law negligence.

Ordered that the appeal from so much of the order as granted those branches of the motion of the defendant Mega/Makro Contracting which were for summary judgment dismissing the complaint and the cross claims of the defendant Nelson Air Device Corporation insofar as asserted against that defendant to the extent that they are based on common-law negligence is dismissed, as the appellant is not aggrieved by those portions of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent, payable by the appellant.

The plaintiff, an architect, commenced this action to recover damages for personal injuries he allegedly sustained after tripping on a piece of "threaded rod" located on a flight of stairs in a building undergoing construction. Among the defendants were AWL Industries (hereinafter AWL), which was an "HVAC and Fire Protection" contractor, and Mega/Makro Contracting (hereinafter Mega), a contractor retained for the purpose of performing "general conditions work" at the construction project. In its answer, AWL asserted cross claims against Mega for common-law indemnification and contribution.

Contrary to AWL's contention, the Supreme Court properly granted that branch of Mega's motion which was for summary judgment dismissing AWL's cross claims against Mega to the extent that they are based on common-law negligence. Mega established, prima facie, that it exercised no control over the subject staircase, and that it did not create the allegedly dangerous condition that caused the plaintiff's injuries (*see Eversfield v Brush Hollow Realty, LLC*, 91 AD3d 814, 816 [2012]; *Ortiz v I.B.K. Enters., Inc.*, 85 AD3d 1139, 1140 [2011]; *Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195 [2011]). In opposition, AWL failed to raise a triable issue of fact.

AWL's remaining contentions are without merit. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.