In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered November 15, 2011, as granted that branch of the motion of the defendant Fratello Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and granted those branches of the respective cross motions of the defendants Recine Materials Corp. and PMC Rebar, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
*813 Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
“As a general rule, a separate prime contractor is not liable under Labor Law §§ 240 or 241 for injuries caused to the employees of other contractors with whom they are not in privity of contract, so long as the contractor has not been delegated the authority to oversee and control the activities of the injured worker” (Barrios v City of New York, 75 AD3d 517, 518 [2010]; see Russia v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Aversano v JWH Contr., LLC, 2,1 AD3d 745 [2007]; see also Nasuro v PI Assoc., LLC, 49 AD3d 829, 830 [2008]; Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 488 [2006]). The defendant Fratello Construction Corp. (hereinafter Fratello), one of several prime contractors on the subject project, established its prima facie entitlement to judgment as a matter of law dismissing the plaintiffs’ Labor Law §§ 240 and 241 causes of action insofar as asserted against it by demonstrating that it was not in privity of contract with the injured plaintiffs employer, and that it had not been delegated the authority to oversee and control the injured plaintiffs activities. In opposition to this prima facie showing, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted those branches of Fratello’s motion which were for summary judgment dismissing the causes of action based on alleged violations of Labor Law §§ 240 and 241 insofar as asserted against it.
Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). “To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have ‘authority to exercise supervision and control over the work’ ” (Rojas v Schwartz, 74 AD3d 1046, 1046 [2010], quoting Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735 [2008]; see Chowdhury v Rodriguez, 57 AD3d 121, 127-128 [2008]). Where a plaintiff’s injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it “ ‘either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition’ ” (Rojas v Schwartz, 74 AD3d at 1047, quoting Ortega v Puccia, 57 AD3d 54, 61 [2008]). When an accident is alleged to involve defects in both the premises and the equipment used at the *814 work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52 [2011]). A defendant moving for summary judgment in such a case may prevail “only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiffs accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard” (id.). Here, Fratello established, prima facie, both that it did not create or have actual or constructive notice of the alleged condition which caused the injured plaintiffs injury, and that it lacked the authority to supervise or control the means and methods of the injured plaintiffs work (see generally id.; Chowdhury v Rodriguez, 57 AD3d 121 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Fratello’s motion which was for summary judgment dismissing the causes of action based on an alleged violation of Labor Law § 200 and common-law negligence insofar as asserted against it.
As for the defendants Recine Material Corp. (hereinafter Recine) and PMC Rebar, Inc. (hereinafter PMC), both of which were subcontractors on the project, “ ‘Labor Law §§ 200, 240, and 241 liability cannot be assessed against a subcontractor who did not control the work that caused the plaintiffs injury’ ” (Kelarakos v Massapequa Water Dist., 38 AD3d 717, 718 [2007], quoting Zervos v City of New York, 8 AD3d 477, 481 [2004]; see Russin v Louis N. Picciano & Son, 54 NY2d 311 [1981]). Recine and PMC established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that they did not control the work which allegedly caused the injured plaintiffs injury. In opposition, the plaintiffs failed to raise a triable issue of fact.
Moreover, Recine and PMC established their prima facie entitlement to judgment as a matter of law on the causes of action alleging common-law negligence insofar as asserted against them by demonstrating, prima facie, that their employees did not create an unreasonable risk of harm that caused or contributed to the injured plaintiffs accident (see Ortiz v I.B.K. Enters., Inc., 85 AD3d 1139, 1140 [2011]; Posa v Copiague Pub. School Dist., 84 AD3d 770, 772 [2011]; Tomyuk v Junefield Assoc., 57 AD3d 518, 521-522 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.
Contrary to the plaintiffs’ contention, the granting of summary judgment to Recine and PMC was not premature. The *815 plaintiffs failed to demonstrate how discovery may reveal or lead to relevant evidence or that “facts essential to opposing [those branches of the respective cross motions of Recine and PMC] were exclusively within” the “knowledge and control” of Recine and PMC (Espada v City of New York, 74 AD3d 1276, 1277 [2010]; see CPLR 3212 [f]).
Accordingly, the Supreme Court properly granted that branch of Fratello’s motion which was for summary judgment dismissing the complaint insofar as asserted against it, and properly granted those branches of Recine’s and PMC’s separate cross motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.E, Angiolillo, Dickerson and Hinds-Radix, JJ., concur.