In an action to recover damsiges for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered April 3, 2012, as granted that branch of the motion of the defendant Erection & Welding Contractors, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it and denied his cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against that defendant.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The Supreme Court properly determined that the defendant Erection & Welding Contractors, LLC (hereinafter the defendant subcontractor), was entitled to summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against it. The defendant subcontractor established, prima facie, that it did not have authority to supervise or control the area of the work site where the plaintiff was injured (see Martinez v *813 City of New York, 73 AD3d 993, 998 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendant subcontractor also established its entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence insofar as asserted against it. A subcontractor “may be held liable for negligence where the work it performed created the condition that caused the plaintiff’s injury even if it did not possess any authority to supervise and control the plaintiffs work or work area” (Poracki v St. Mary’s R.C. Church, 82 AD3d 1192, 1195 [2011] [internal quotation marks omitted]; see Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523 [2010]). An award of summary judgment in favor of a subcontractor on a negligence claim is improper “where the 'evidence raise[s] a triable issue of fact as to whether [the subcontractor’s] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiffs injuries’ ” (Erickson v Cross Ready Mix, Inc., 75 AD3d at 523, quoting Marano v Commander Elec., Inc., 12 AD3d 571, 572573 [2004]). Here, the defendant subcontractor demonstrated, prima facie, that it did not create the dangerous condition that caused the plaintiff’s injury, and the plaintiff failed to raise a triable issue of fact in opposition.
The defendant subcontractor established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it. It demonstrated that it was not acting as a statutory agent of either the owner or general contractor and, therefore, it could not be held liable under those statutory provisions (see Torres v LPE Land Dev. & Constr., Inc., 54 AD3d 668, 669 [2008]; Kehoe v Segal, 272 AD2d 583, 584 [2000]; see also Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint insofar as asserted against the defendant subcontractor and denied the plaintiffs cross motion for summary judgment on the issue of liability on the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against the defendant subcontractor.
In light of our determination, we need not address the remaining contentions raised by the second third-party defendant Ebenezer Construction, Inc., or the remaining contentions raised by the defendant Pound Ridge Equipment Rental, Inc. Rivera, J.R, Dillon, Roman and Miller, JJ., concur.