In a consolidated action to recover damages for personal injuries, the defendant MCN Distributors, Inc., appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated January 3, 2012, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and (2) from so much of an order of the same court dated June 19, 2012, as denied its motion for leave to reargue those branches of its prior motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and the defendant/third-party plaintiff cross-appeals, as limited by its brief, from so much of the order dated January 3, 2012, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging common-law negligence, a violation of Labor Law § 200, and a violation of Labor Law § 241 (6) insofar as predicated on alleged violations of 12 NYCRR 23-8.1 (f) and 23-8.2 (c), and all cross claims, insofar as asserted against it, and for conditional summary judgment on its third-party causes of action for contractual and common-law indemnification.
Ordered that the appeal by the defendant MCN Distributors, Inc., from the order dated June 19, 2012, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
Ordered that the order dated January 3, 2012, is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant MCN Distributors, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it, and substituting therefor a provision granting that branch of that motion, and (2) by deleting the provisions thereof denying those branches of the motion of the defendant/third-party plaintiff which were for summary judgment dismissing the causes of action alleging common-law negligence, a violation *665 of Labor Law § 200, and a violation of Labor Law § 241 (6) insofar as predicated on an alleged violation of 12 NYCRR 23-8.1 (f), and all cross claims, insofar as asserted against it, and for conditional summary judgment on its third-party causes of action for contractual and common-law indemnification, and substituting therefor provisions granting those branches of that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendant/ third-party plaintiff, payable by the plaintiff and the third-party defendant.
The plaintiff, who was employed by the third-party defendant, Master Mechanical Corp. (hereinafter Master), was working at a site where a six-story residential building was under construction. Master was a subcontractor for the project. The defendant/third-party plaintiff, Race & Rally Construction Co., Inc. (hereinafter R&R), was the general contractor for the project, and the defendants Carrier Northeast (hereinafter Carrier), Penske Logistics, Inc. (hereinafter Penske), and MCN Distributors, Inc. (hereinafter MCN), were subcontractors hired in connection with the installation of air conditioning equipment in the building. Carrier was hired to supply air conditioning equipment, Penske to transport the equipment to the site, and MCN to provide a crane to lift the equipment to the roof of the building.
The plaintiff testified at his deposition that, during the unloading of air conditioner condensers from a delivery truck, one of the pallets on which the condensers were positioned became stuck under rails on the side of the truck. He testified that the truck driver and the crane operator asked him to position a pallet jack under the stuck pallet while the driver used a steel bar to pry back the side rail and the crane operator used the crane to put tension on the pallet. The plaintiff further testified that, when the plan was put into action, the pallet and pallet jack moved toward him with enough force to knock him off the back of the truck, allegedly causing injury. The plaintiff commenced actions, which were subsequently consolidated, to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). R&R commenced a third-party action against Master. MCN and R&R separately moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court, among other things, denied those branches of their respective motions which were for summary judgment dismissing the causes of action alleging *666 common-law negligence and violations of Labor Law § 200 insofar as asserted against each of them. The Supreme Court also denied that branch of R&R’s motion which was for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as predicated on alleged violations of 12 NYCRR 23-8.1 (f) and 23-8.2 (c), insofar as asserted against R&R. In addition, the Supreme Court denied those branches of R&R’s motion which were for summary judgment dismissing all cross claims insofar as asserted against it and for conditional summary judgment on its third-party causes of action for contractual and common-law indemnification against Master.
The Supreme Court erred in denying that branch of MCN’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it. Labor Law § 200 liability cannot be assessed against a subcontractor who did not supervise or control the work that caused the plaintiffs injury (see Poracki v St. Mary’s R.C. Church, 82 AD3d 1192, 1195 [2011]; Tomyuk v Junefield Assoc., 57 AD3d 518, 521 [2008]). MCN demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that it was a subcontractor which did not supervise or control the plaintiffs work. In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court properly denied that branch of MCN’s motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. A subcontractor may be held liable for negligence where the work it performed created the condition that caused the plaintiffs injury, even if it did not possess any authority to supervise or control the plaintiffs work or work area (see Ortiz v I.B.K. Enters., Inc., 85 AD3d 1139, 1140 [2011]; Poracki v St. Mary’s R.C. Church, 82 AD3d at 1195). In response to MCN’s prima facie showing with respect to this cause of action, the plaintiff raised a triable issue of fact as to whether MCN’s employee created an unreasonable risk of harm that was a proximate cause of the plaintiffs injuries (see Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523 [2010]; Tomyuk v Junefield Assoc., 57 AD3d at 521; Kelarakos v Massapequa Water Dist., 38 AD3d 717, 718-719 [2007]).
The Supreme Court erred in denying those branches of R&R’s motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. Here, the plaintiff’s claim arises out of the means and methods of the *667 work, and R&R established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not supervise or control the performance of the work that led to the plaintiffs injuries (see Ferreira v City of New York, 85 AD3d 1103, 1106 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. General supervisory authority for the purpose of overseeing the progress of the work is insufficient to impose liability (see La Veglia v St. Francis Hosp., 78 AD3d 1123, 1125 [2010]). The Supreme Court also erred in denying that branch of R&R’s motion which was for summary judgment dismissing all cross claims insofar as asserted against it (cf. Poracki v St. Mary’s R.C. Church, 82 AD3d at 1196).
The Supreme Court properly denied that branch of R&R’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as predicated on 12 NYCRR 23-8.2 (c) insofar as asserted against it. In response to R&R’s prima facie showing, the plaintiff raised a triable issue of fact as to whether 12 NYCRR 23-8.2 (c) (3), which is designed to protect workers from hazards created by the horizontal movement of a load being hoisted by a crane (see McCoy v Metropolitan Transp. Auth., 38 AD3d 308, 310 [2007]), was applicable to the facts herein and, if so, as to whether it was violated. However, the Supreme Court erred in denying that branch of R&R’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as predicated on 12 NYCRR 23-8.1 (f), insofar as asserted against it, since, in response to R&R’s prima facie showing, the plaintiff failed to raise a triable issue of fact as to the applicability of that provision of the Industrial Code.
The Supreme Court should have granted that branch of R&R’s motion which was for conditional summary judgment on its third-party cause of action for contractual indemnification against Master. “A court may render a conditional judgment on the issue of contractual indemnity, pending determination of the primary action so that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed” (Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616 [2011]). “To obtain conditional relief on a claim for contractual indemnification, the one seeking indemnity need only establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability” (id. at 616 [internal quotation marks omitted]). According to the plain language of R&R’s subcontract with Master, R&R is entitled to indemnification from Master in the event the plaintiffs injuries were caused by *668 negligent acts or omissions of Master or its subcontractors. R&R demonstrated, prima facie, that it was free from negligence in the happening of the accident and that it was subject only to statutory or vicarious liability. In opposition, Master failed to raise a triable issue of fact.
Finally, the Supreme Court should have granted that branch of R&R’s motion which was for conditional summary judgment on its third-party cause of action for common-law indemnification against Master (see Hart v Commack Hotel, LLC, 85 AD3d 1117, 1118-1119 [2011]).
To the extent MCN raises an argument on appeal regarding that branch of its motion which was for summary judgment dismissing all cross claims insofar as asserted against it, that branch of its motion was not addressed by the Supreme Court, and, thus, remains pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543 [1979]). Dickerson, J.E, Hall, Cohen and Miller, JJ., concur.