█ RICARDO ENRIQUE CRUZ, Appellant-Respondent, v CABLEVISION SYSTEMS CORPORATION et al., Respondents-Appellants. [992 NYS2d 281]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 29, 2012, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting

therefor a provision granting that motion, (2) by deleting the provision thereof denying that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant JQ II Associates, LLC, and substituting therefor a provision granting that branch of the cross motion, and (3) by deleting the provision thereof denying that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff worked for Douglas S. Plotke Jr., Inc., doing business as Roof Services (hereinafter Roof Services). The defendant JQ II Associates, LLC (hereinafter JQ), owned a building in Jericho (hereinafter the building) that JQ leased to the defendant Cablevision Systems Corporation (hereinafter Cablevision) and/or the defendant CSC Holdings, Inc. (hereinafter CSC). CSC hired Roof Services to remove the roof of the building and install a new one.

There was evidence that a "perimeter warning system" was in place on the roof during the course of the project, which consisted of mobile stanchions, approximately 42 inches tall, placed around the perimeter of the roof at certain intervals approximately six feet from the edge of the roof. Rope was strung between the stanchions, and flags were tied to the rope, so that an individual walking into the rope would be alerted that he or she was within six feet of the edge of the roof. An individual serving as a "safety monitor" was charged with watching workers and verbally warning them as they neared the roof's edge. There were no safety lines or guardrails along the perimeter of the roof, and no harnesses or safety lines were provided.

On or about November 19, 2008, the plaintiff was engaged in installing insulation, which required him to work about 1¹/₂ feet from the edge of the roof, on the outside of the six-foot perimeter. During the course of the installation, the plaintiff fell from the roof, a fall of approximately 40 feet, and was injured. The plaintiff commenced this action against Cablevision, JQ, and CSC to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendants cross-moved for summary judgment

dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). In an order dated June 29, 2012, the Supreme Court denied both the motion and the cross motion. The plaintiff appeals, and the defendants cross-appeal.

The Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) against all three defendants. Labor Law § 240 (1) imposes a nondelegable duty upon owners, lessees that control the work performed, and general contractors to provide safety devices to protect workers from elevation-related risks (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 770 [2012]; *Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1194 [2011]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796, 797 [2009]). To recover under Labor Law § 240 (1), the plaintiff must demonstrate a violation of the statute and that such violation proximately caused his or her injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]).

Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on his Labor Law § 240 (1) cause of action by demonstrating that he was not provided with safety devices to properly protect himself from the elevation-related risk, and that this failure proximately caused his accident (*see Poracki v St. Mary's R.C. Church*, 82 AD3d at 1194; *Bin Gu v Palm Beach Tan, Inc.*, 81 AD3d 867, 868 [2011]; *Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807, 809 [2010]).

In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the perimeter warning system allegedly in place at the time of the plaintiff's fall did not constitute a safety device within the meaning of Labor Law § 240 (1) (*see Miranda v Norstar Bldg. Corp.*, 79 AD3d 42, 48 [2010]). The affidavit of the defendants' expert in construction safety, in which he opined that the perimeter warning system complied with the Occupational Safety and Health Act (29 USC § 651 *et seq.*), and other recognized industry practices, was insufficient to raise a triable issue of fact as to whether the defendants violated Labor Law § 240 (1). Labor Law § 240 (1) is "a self-executing statute which, contain[s] its own specific safety measures," the violation of which provides an independent legal basis for liability,

regardless of whether there was compliance with federal regulations or general industry standards (*Long v Forest-Fehlhaber*, 55 NY2d 154, 160 [1982]; *see Miranda v Norstar Bldg. Corp.*, 79 AD3d at 47; *Dalaba v City of Schenectady*, 61 AD3d 1151, 1153 [2009]). Since the defendants failed to raise a triable issue of fact as to the existence of a Labor Law § 240 (1) violation or whether the plaintiff's alleged actions were the sole proximate cause of his accident, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Ortiz v 164 Atl. Ave., LLC*, 77 AD3d at 809).

There is no evidence in the record of when the order with notice of entry was served and, thus, we reject the plaintiff's contention that the cross appeal should be dismissed as untimely taken (*see Zapata v County of Suffolk*, 23 AD3d 553, 554 [2005]).

The Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). The defendants established, prima facie, that the Industrial Code provisions upon which the plaintiff relied either do not apply in this case (*see Wein v Amato Props., LLC*, 30 AD3d 506, 507 [2006]), or relate to general safety standards and, thus, cannot serve as a predicate for liability under Labor Law § 241 (6) (*see Ulrich v Motor Parkway Props., LLC*, 84 AD3d 1221, 1224 [2011]; *Greenwood v Shearson, Lehman & Hutton*, 238 AD2d 311, 312 [1997]). In opposition to that showing, the plaintiff failed to raise a triable issue of fact.

The Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against JQ. The defendants established JQ's prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against JQ (*see Giovanniello v E.W. Howell, Co., LLC*, 104 AD3d 812, 814 [2013]), and the plaintiff failed to raise a triable issue of fact in opposition.

However, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendants Cablevision and CSC. The defendants failed to establish, prima facie, that Cablevision and CSC lacked the authority to supervise or control the means and methods of the plaintiff's work (*see Gomez v State of New York*, 106 AD3d 870,

871 [2013]). The failure to make such prima facie showing requires the denial of that branch of the defendants' cross motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.